UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

OSCAR F. PINA,

 Plaintiff,

V.

J. TERRY, et al.,

 Defendants.

Civil No. 7: 18-42-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Oscar Pina is a former federal inmate previously confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Pina filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) complaining that officials from the Bureau of Prisons ("BOP") removed him from the Residential Drug Abuse Program ("RDAP") because of his race. [R. 1]

The defendants - Drug Treatment Specialist J. Terry, RDAP Coordinator Dr. Saunders, and Chief of Psychology Dr. La Fever – have filed a motion to dismiss the complaint. [R. 20] Because Pina is proceeding without counsel, in September 2018 the Court acted *sua sponte* to extend his response period from three weeks to six weeks. In that Order the Court cautioned Pina that a failure to file a timely response is grounds for dismissal for failure to prosecute, or alternatively the Court could treat his silence as a concession that the defendants' factual assertions are true when deciding their summary judgment motion. [R. 21] However, Pina's November 2, 2018 deadline to file a response came and went over one month ago and he still has not filed any response to their motion.

Pina's continued silence in the face of both the defendants' dispositive motion and the Court's prior warning is sufficient ground to conclude that he has abandoned prosecution of his claims: "if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Pina's complaint is therefore subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b).

The defendants are also entitled to summary judgment. Of course, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992). In performing its task the Court may, however, "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id*.

In his complaint, Pina asserts that the defendants removed him from the RDAP without formally charging him with misconduct. Pina states without any meaningful explanation that he "was targeted based on race...," and claims violation of his right to equal protection under the law. [R. 1, Page ID #3-5] Pina filed an inmate grievance regarding his removal, with the BOP responding that he was twice expelled from RDAP, the first time because he was found with a weapon in the unit while engaging in gang activity, and the second time because of repeated incidents of insolence, hostility, and damage to property. [R. 1-1, Page ID #10-22]

Defendants move for summary judgment on numerous grounds, but one is enough to resolve the motion in their favor. The defendants argue that Pina's conclusory allegations, devoid

of any specific facts to support them, are insufficient to state an equal protection claim. [R. 20-1, Page ID #309-10] The Court agrees. To state a viable equal protection claim "a plaintiff must allege and show that a government actor took adverse action against him 'with a discriminatory intent and purpose.'" *Goller v. Ohio Dep't of Rehab. & Corr.*, 285 F. App'x 250, 255 (6th Cir. 2008); see also *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008). To do so, a plaintiff may allege facts that indicate discrimination directly, such as through blatantly discriminatory remarks by decision makers, or indirectly, such as through more favorable treatment given to persons outside of the plaintiff's suspect class. *Umani v. Mich. Dept. of Corr.*, 432 F. App'x 453, 458-61 (6th Cir. 2011). Pina's complaint makes no such allegations. He states only that he was "targeted based on race," but does not identify his own race or point to any actions of the defendants indicative of an intent to discriminate based upon race. Where, as here, a complaint "includes conclusory allegations of discriminatory intent without additional supporting details[, it] does not sufficiently show that the pleader is entitled to relief." *Nali v. Ekman*, 355 F. App'x 909, 912-13 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009)).

Accordingly, it is **ORDERED** as follows:

1. The motion of defendants J. Terry, Dr. Saunders, and Dr. La Fever to dismiss the complaint [R. 20] is **GRANTED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Entered: December 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3